**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Blake Lynch,

Plaintiff,

v.

Freedom Mortgage Corporation,

Defendant.

No. CV-26-05759-PHX-DJH

**ORDER**

On October 14, 2026, Defendant Freedom Mortgage Corporation ("Defendant") filed a Motion to Dismiss (Doc. 14). Plaintiff Blake Lynch filed a "Reply in Oppositon" (the "Response") (Doc. 15), and Defendant thereafter filed a Reply (Doc. 16).

**I. Background**

Plaintiff has brought a singular Fair Credit Reporting Act ("FCRA") claim against Defendant. (*See generally* Doc. 1). Plaintiff specifically alleges that, in November of 2024, Plaintiff's home co-owner was inadvertently "double charge[d]" on their account. (*Id.* at 7). Plaintiff then alleges that Defendant's customer service representative advised his home co-owner "not to pay until on or about January 1, 2025." (*Id.*) The overcharge was "stopped and returned," although Plaintiff alleges that they were not notified of this action. (*Id.*)

"On or about January 1, 2025, Defendant reported Plaintiff…as delinquent to which Plaintiff immediately initiated his dispute with Defendant and demanded Defendant immediately correct their [sic] reporting." (*Id.* at 9). However, Plaintiff claims "Defendant

refused to correct their mistake." (*Id.*)

In September of 2025, Plaintiff "applied for an increase of $20,000 in personal credit" from his bank, but he was denied "because of Defendant's negative reporting of Plaintiff's account to the credit bureaus." (*Id.*) Then, on October 10, 2025, Plaintiff initiated "Notarial Protests" against Defendant, to which Defendant did not respond. (*Id.* at 7). Ultimately, after his unsuccessful attempts to "informally resolve his dispute with Defendant" and he "exhausted his Notarial Protest administrative remedy," Plaintiff filed the at-issue Complaint on August 17, 2026. (*See generally id.*). Defendant now moves to dismiss the lone FCRA claim alleged against it.

## II. Legal Standards

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). Complaints must make a short and plain statement showing that the pleader is entitled to relief for their claims. Fed. R. Civ. P. 8(a)(2). This standard does not require " 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Put differently, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Dismissal of a complaint for failure to state a claim may be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a motion to dismiss, courts will "accept factual allegations in the complaint as

true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not required "to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III. Discussion

Defendant contends that Plaintiff failed to allege every critical element of an FCRA claim. (Doc. 14 at 4–7). And the Court agrees.

### A. FCRA Claim

The FCRA imposes duties on "furnishers" of credit information to a consumer reporting agency. 15 U.S.C. § 1681s-2. To state a viable FCRA claim against a credit furnisher, a plaintiff must allege: (1) a credit reporting inaccuracy existed on plaintiff's credit report; (2) plaintiff notified the consumer reporting agency that plaintiff disputed the reporting as inaccurate; (3) the consumer reporting agency notified the furnisher of the alleged inaccurate information of the dispute; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. 1681s-2(b)(1)(A)–(E). *Berrow v. Navient Sols. LLC*, 685 F. Supp. 3d 859, 855 (D. Ariz. 2023) (citation omitted).

At the outset, Plaintiff has not alleged that Defendant is a "furnisher" of credit information, and this alone is fatal to Plaintiff's claim. However, Plaintiff also fails to allege that his credit report contained an inaccuracy. At most, he states that Defendant "reported…Plaintiff as delinquent to the credit bureaus," which Plaintiff disputed. (Doc. 1 at 7). However, nowhere does he state that any inaccuracy existed on his credit report.

Next, Plaintiff fails to allege that he notified a consumer reporting agency that he disputed the reporting as inaccurate. Instead, he only claims to have disputed the delinquency with Defendant. (*Id.* at 9 ("Plaintiff immediately initiated his dispute with Defendant and demanded Defendant immediately correct their [sic] reporting.")). As Plaintiff does not claim to have notified a consumer reporting agency, it so follows that Plaintiff also failed to allege that any consumer reporting agency notified Defendant of the

alleged inaccurate information. (*See generally id.*). It is well settled in the Ninth Circuit that a private cause of action against a furnisher of information under the FCRA is not triggered until after the furnisher receives notice of a dispute from a consumer reporting agency. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009); *Drew v. Equifax Info. Services, LLC*, 690 F.3d 1100, 1106 (9th Cir. 2012). A "notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman*, 584 F.3d at 1154. Lastly, as to his FCRA claim, even if Defendant was under some obligation to investigate, nowhere in the Complaint does Plaintiff allege that Defendant failed to conduct such an investigation.

Plaintiff's only responses to Defendant's contentions is to summarize his allegations and state that he identified the exact FCRA Section, 15 U.S.C. § 1681n, under which he was bringing his claims. (Doc. 15 at 3). Neither explanation is availing. As explained, Plaintiff's allegations fail to state a claim. His identification of 15 U.S.C. § 1681n, in the Complaint and Response (*see*, *e.g.*, *id.*; Doc. 1 at 8–9), does nothing to save his FCRA claim. Listing the Section that enables statutory damages for willful violations does not establish a violation of any portion of the FCRA with a recognized private right of action. For the foregoing reasons, Plaintiff's FCRA claim is dismissed.

**B. Notarial Protests**

Briefly, the Court notes that Plaintiff states in his Complaint that he instigated a "Notarial Protest" against Defendant, citing U.C.C. § 3-505 and A.R.S. § 47-3505. (*See* Doc. 1 at 25–28). To the extent Plaintiff's Complaint is premised on these "protests," it is dismissed as legally frivolous. *See*, *e.g.*, *Lynch v. Sherm*, 2:25-cv-4481-DJH, Doc. 32 (finding the same notarial protests to be legally frivolous); *Lynch v. American Express*, 2:25-cv-4671-KML, Doc. 36 (finding same). The Court adopts the reasoning stated in the foregoing cases.

**C. Leave to Amend**

The only remaining question is whether leave to amend is appropriate here. Federal Rule of Civil Procedure 15(a) requires that leave to amend "shall be freely given when

justice so requires." Fed. R. Civ. Proc. 15(a). The Ninth Circuit has directed that this policy be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). A district court may, however, deny leave to amend upon consideration of several factors, including prejudice to the opposing party, bad faith, undue delay, and futility. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006).

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "A proposed amended complaint is futile if it would be immediately subject to dismissal. Thus, the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (quotations and citations omitted), *aff'd on reh'g en banc on other grounds*, 681 F.3d 1041 (9th Cir. 2012).

Here, Plaintiff's Complaint makes it clear that a mortgage payment was not made in December of 2024 and that the alleged double charge was "stopped and returned to" his home co-owner. (Doc. 1 at 2). Thus, the reporting of a delinquent mortgage in January of 2026 was not inaccurate. Further, Plaintiff clearly states that he disputed with Defendant rather than any reporting agency. (*Id.* at 9). In this case, there are no allegations consistent with the original Complaint that would cure the deficiencies in Plaintiff's claims. In sum, amendment would be futile, and this dismissal is with prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 14) is **GRANTED**. This matter is **dismissed with prejudice**. The Clerk of Court is kindly directed to enter judgment in favor of Defendant in accordance with this Order and terminate the case.

/ / /

/ / /

/ / /

/ / /

**IT IS FINALLY ORDERED** that Defendant's Motion to Consolidate (Doc. 18) is **DENIED as moot**.

Dated this 20th day of November, 2026.

Honorable Diane J. Humetewa
United States District Judge